UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**GARRET PERRET, ET AL.**                                             **CIVIL ACTION**

**VERSUS**                                                              **NO. 06-4618 c/w 06-6867**

**AMERICAN NATIONAL PROPERTY**                                **SECTION "K" (4)**
**AND CASUALTY, ET AL.**

## ORDER AND REASONS

Before the Court is the Motion to Remand (Rec.Doc.No. 5) of Plaintiffs Garret and Christine Perret ("Perrets"). After reviewing the pleadings, memoranda, and relevant law, the Court finds that Plaintiffs' motion does not have merit and their motion is hereby denied for the reasons assigned below.

1

## I. BACKGROUND

Like many others proceedings before this Court, this action involves the improper adjustment and/or handling of insurance claims that concern the coverage of Plaintiffs' home, which sustained both wind and flood damage as a result of Hurricane Katrina and the subsequent levee breaches.

There initially were two separate actions that were pending in the Eastern District of Louisiana. After the case had been removed from state court, the instant motion to remand was filed in *Perret v. ANPAC Louisiana Ins. Co.*, No. 06-6867 (E.D. La. removed Sept. 29, 2006), which was pending before the Honorable Judge Feldman. The case was subsequently transferred to this Court and ordered consolidated with the case, *Perret v. American National Property and Casualty Co.*, No. 06-4618 (E.D. La. filed Aug. 24, 2006) that was pending before this Court. *See* Consolidation Order (Rec.Doc.No. 3). ANPAC Louisiana Insurance Company ("ANPAC") is the homeowner's insurer for Plaintiffs, and American National Property and Casualty Company ("American National") is the flood insurer.

The question before the Court is whether the homeowner's insurance case was properly removed, or rather, whether the Court has subject matter jurisdiction over the action against ANPAC.

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. §1441(b), "an action filed in state court may be removed to federal court if the action is one over which the district courts have original jurisdiction based on a claim or right arising under the Constitution, treaties or laws of the United States." *Jernigan v.Ashland Oil, Inc.,* 989 F.2d 812, 815 (5th Cir. 1993). The burden of proof for establishing federal jurisdiction is placed on the party seeking removal. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1998) (*citing Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, (1921)). If the right to remove is doubtful, the case should be remanded. *Ryan v. Dow Chemical,* 781 F. Supp. 934, 939 (E.D.N.Y. Jan. 29, 1992).

The Court noted previously that the determination as to whether a cause of action presents a federal question, making it subject to removal, depends on the allegations made on the face of the plaintiff's complaint. *Lightfoot v. Bellsout Telecommunications, Inc.*, 2004 WL 2381533 (E.D. La., Oct. 27, 2004) (*citing Carpenter v. Wichita Falls Indep. School Dist.,* 44 F.3d 362, 366 (5th Cir. 1995).

The Court does not have original jurisdiction, however, over the claims that arise under state law. *Stay-N-Play Discovery School v. Alverez, et al.*, 2006 WL 2947878, at *2 (E.D. La. Oct. 14, 2006) (Duval, J.). Yet, if there is factual connexity between the state law claims and the federal claims, the Court can employ its supplemental jurisdiction over the state causes of action. *Id.* Supplemental jurisdiction is granted pursuant to 28 U.S.C. § 1367, which provides "that the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action that they form part of the same case or controversy." 28 U.S.C. § 1367(a)

(West 2006).

## III. ANALYSIS

The parties do not contest whether there is subject matter jurisdiction over the flood insurance claim under the NFIP and 42 U.S.C. § 4072. Thus, the question is whether the Court has original or supplemental subject matter jurisdiction over the action against ANPAC. Defendant ANPAC contends that original jurisdiction exists under 28 U.S.C. §§ 1441(e)(1)(B) and 1369 ("Multiparty Multiforum Trial Jurisdiction Act" or "MMTJA"). *See* Notice Removal (Rec.Doc.No. 1), Civil Action No. 06-6867. By virtue of the transfer and consolidation, ANPAC amended their notice of removal to also include 28 U.S.C. § 1367 as a basis for subject matter jurisdiction. *See* Notice Removal (Rec.Doc.No. 12), Civil Action No. 06-6867. The Court finds that it need not resolve whether jurisdiction exists under the MMTJA because it finds that supplemental jurisdiction exists over the action against ANPAC under 28 U.S.C. § 1367.

The Court has previously analyzed whether supplemental jurisdiction under 28 U.S.C. § 1367 existed over the claims against the homeowner's insurer when it was joined in an action with the claims against the flood insurer. *See Stay-N-Play*, 2006 WL 2947878, at *3. The Court reasoned:

> Although perhaps covered under a different insurance policy, the state law claims that arise out the same factual events that give rise to questions under the SFIP presents an appropriate occasion for the exercise of the Court's supplemental jurisdiction. *See Jamal v. Travelers, et al.,* 97 F.Supp.2d 800 (S.D. Tx. May 30, 2000); (claims under two policies are factually intertwined as both seek recovery for damages allegedly sustained as a result of the same event and similar conduct of defendants); *see also Winkler v. State Farm and Casualty*

>   *Company, et al.*, 266 F.Supp.2d 509 (S.D. Ms. June 3, 2003) (exercise of supplemental jurisdiction over state law claims related to flood claim under SFIP fosters uniformity in decisions with respect to NFIA suits and judicial economy).

*Id.*

PlaintiffS' claims arise out of the destruction of their home that was caused by Hurricane Katrina and the subsequent flooding arising out of the levee breaches. The factfinder's task is to determine what caused Plaintiffs' damages and to what extent each causative element contributed to the damages. While the causes of action arise out of different insurance contracts that cover different perils, the object of the litigation is one and the same, i.e. Plaintiffs' home. In this way, it would be inefficient and contrary to principles of judicial economy to litigate these causes of action in different venues. Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion to Remand (Rec.Doc.No. 5) is hereby **DENIED** for the reasons assigned above.

New Orleans, Louisiana, on this  27th  day of November, 2006.

                                                  **STANWOOD R. DUVAL, JR.**
                       **UNITED STATES DISTRICT COURT JUDGE**